DAVID HERSTEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 9411.   Promulgated February 10, 1928.

*Ben Jenkins, Esq.*, for the petitioner.
*A. S. Lisenby, Esq.*, for the respondent.

OPINION.

MURDOCK: The petitioner's contention, so far as we can judge, is that although each of the stockholders received certain assets of the corporation in 1919, the corporation thereupon charged them for these assets by entries in its accounts receivable, thus making a bona fide sale. The Commissioner held that this was not a bona fide sale, but a liquidating dividend, inasmuch as corporate activity thereupon ceased and the accounts receivable were never to be and never were collected. We can not find from the evidence that because of the transfer to the petitioner of the assets in question, an account receivable was entered against him on the books of the corporation. Furthermore, there is nothing to indicate any corporate activity after the close of its fiscal year on November 30, 1919. The evidence tends to support the Commissioner's determination. *Appeal of Benjamin H. Read*, 6 B. T. A. 407.

From the pleadings no question is raised in regard to the correctness of the value or amount of the assets received by the petitioner. But even if this question were raised the petitioner would be entitled to no relief. The Commissioner determined that on November 30, 1919, the corporation had a surplus of $38,392.36. He took one-half of this amount and reduced it by certain undisclosed adjustments to arrive at the amount of $19,024.79 as the petitioner's share of a liquidating dividend. There is nothing to indicate whether or not the surplus of November 30, 1919, as determined by the Commissioner, included or excluded the amounts paid to Dworsky, and there is nothing to indicate at what value or amount accounts receivable were or should have been included in the computation of that

surplus. Therefore, we are unable to say that the Commissioner's determination was incorrect in amount.

*Judgment will be entered for the respondent.*